**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br><br>        Plaintiff,<br>v.<br><br>SANDVINE CORPORATION,<br><br>        *Defendant*. | Civil Action No. 2:18-cv-00054-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**STIPULATION OF NONINFRINGEMENT**

Based on the Court's claim construction of certain terms, Plaintiff Implicit, LLC ("Implicit") and Sandvine Corporation ("Sandvine") hereby stipulate to noninfringement as to all asserted claims of U.S. Patent Nos. 8,694,683 ("the '683 patent"); 9,270,790 ("the '790 patent"); and 9,591,104 ("the '104 patent") (collectively, "the Patents-in-Suit"). Implicit and Sandvine request that the Court enter a final judgment of noninfringement. The requested relief will conserve judicial and party resources by allowing the parties to forego further litigation of the '683, '790, and '104 patent infringement claims in this Court, while preserving Implicit's right to appeal the Court's claim construction.

      1.      Implicit has alleged that Sandvine's Policy Traffic Switch ("PTS"), PacketLogic, Network Application Visibility Layer ("NAVL") (collectively, the "Accused Products") infringe '683 Patent claims 1, 2, and 10; '790 Patent claims 1, 2, 8, 9, and 15; and '104 Patent claims 1, 3, 4, 10, and 16 (collectively, the "Asserted Claims").

2. On April 15, 2019, the Court issued its Memorandum Opinion and Order construing certain terms of the Patents-in-Suit. Dkt. Nos. 111, 117. That Order construed a number of terms in the Asserted Claims of the Patents-in-Suit as follows:

| Term | Court's Construction |
|---|---|
| "sequence of [two or more] routines" | "an ordered arrangement of [two or more] software routines that was not selected from a set of arrangements created before receiving a first packet of the message" |
| "list of conversion routines" | "an ordered arrangement of software conversion routines that was not selected from a set of arrangements created before receiving a first packet of the message" |
| "convert one or more packets having a TCP format into a different format" | "convert the outermost header structure of the packet(s) from TCP to another type of header structure"<br><br>The Court also concluded the following: "[t]o whatever extent Plaintiff contends that the terms 'convert one or more packets having a TCP format into a different format,' 'convert one or more packets in a transport layer format into a different format,' and 'convert packets of the different format into another format' encompass merely moving a reference, the Court hereby expressly rejects any such interpretation as lacking support in the record." |
| "convert one of the packets of the message into a different format" | "convert the outermost header structure of the packet(s) from TCP to another type of header structure"<br><br>The Court also concluded the following: "[t]o whatever extent Plaintiff contends that the terms 'convert one or more packets having a TCP format into a different format,' 'convert one or more packets in a transport layer format into a different format,' and 'convert packets of the different format into another format' encompass merely moving a reference, the Court hereby expressly rejects any such interpretation as lacking support in the record." |
| "convert one or more packets in a transport layer format into a different format" | "convert the outermost header structure of the packet(s) from a transport layer protocol header to another type of header structure"<br><br>The Court also concluded the following: "[t]o whatever extent Plaintiff contends that the terms 'convert one or more packets having a TCP format into a different format,' |

| Term | Court's Construction |
|---|---|
|  | 'convert one or more packets in a transport layer format into a different format,' and 'convert packets of the different format into another format' encompass merely moving a reference, the Court hereby expressly rejects any such interpretation as lacking support in the record." |
| "convert packets of the different format into another format" | "convert each packet's outermost header structure from the different protocol header into another type of header structure"<br><br>The Court also concluded the following: "[t]o whatever extent Plaintiff contends that the terms 'convert one or more packets having a TCP format into a different format,' 'convert one or more packets in a transport layer format into a different format,' and 'convert packets of the different format into another format' encompass merely moving a reference, the Court hereby expressly rejects any such interpretation as lacking support in the record." |
| "execute a Transmission Control Protocol (TCP)" | "operate on one or more packets whose outermost header is a TCP header" |
| "executable to perform a Transmission Control Protocol (TCP)" | "operable on one or more packets whose outermost header is a TCP header" |
| "execute a second, different protocol" | "operate on packets whose outermost header is a [second/third], different protocol header" |
| "execute a third, different protocol" | "operate on packets whose outermost header is a [second/third], different protocol header" |
| "execute a Transmission Control Protocol (TCP) to process packets having a TCP format" | "operate on one or more packets whose outermost header is a TCP header" |
| "execute TCP to process at least one of the subsequent packets having a TCP format" | "operate on one or more packets whose outermost header is a TCP header" |
| "execute a second protocol to process packets having a format other than the TCP format, wherein the second protocol is an application-level protocol" | "execute a second protocol to operate on packets whose outermost header is other than a TCP header, wherein the second protocol is an application-level protocol" |

    3.      Implicit and Sandvine stipulate that under the Court's construction of the above terms, there is no infringement of the Asserted Claims by the Accused Products.

    4.      Each party shall bear its own costs and fees.

Date     December 17, 2019

| *Counsel for Plaintiff Implicit, LLC* | *Counsel for Defendant Sandvine Corporation.* |
|---|---|
| /s/William E. Davis, III | /s/Abran J. Kean |
| | |
| Spencer Hosie, pro hac vice, | Abran J. Kean (CO Bar 44660) |
| (CA Bar No. 101777) | **ERISE IP, P.A.** |
| shosie@hosielaw.com | 5600 Greenwood Plaza Blvd., Suite 200 |
| Diane S. Rice, pro hac vice, | Greenwood Village, CO 80111 |
| (CA Bar No. 118303) | Telephone: (913) 777-5600 |
| drice@hosielaw.com | |
| Brandon C. Martin, pro hac vice, | Eric A. Buresh (KS Bar 19895) |
| (CA Bar No. 269624) | Mark C. Lang (KS Bar 26185) |
| bmartin@hosielaw.com | **ERISE IP, P.A.** |
| Darrell Rae Atkinson, pro hac vice, | 7015 College Blvd., Suite 700 |
| (CA Bar No. 280564) | Overland Park, Kansas 66211 |
| datkinson@hosielaw.com | Telephone: (913) 777-5600 |
| Francesca M.S. Germinario, pro hac vice, | Facsimile: (913) 777-5601 |
| (CA Bar No. 326208) | eric.buresh@eriseip.com |
| fgerminario@hosielaw.com | abran.kean@eriseip.com |
| **HOSIE RICE LLP** | mark.lang@eriseip.com |
| 600 Montgomery St., 34th Floor | |
| San Francisco, CA 94111 | Melissa Smith |
| 415.247.6000 | Texas State Bar No. 24001351 |
| Fax: 415.247.6001 | melissa@gillamsmithlaw.com |
| | **GILLAM & SMITH, L.L.P.** |
| William E. Davis, III (TX Bar No. 24047416) | 303 South Washington Avenue |
| bdavis@bdavisfirm.com | Marshall, Texas 75670 |
| Christian J. Hurt (TX Bar No. 24059987) | Telephone: 903-934-8450 |
| churt@bdavisfirm.com | Facsimile: 903-934-9257 |
| Edward Chin (Of Counsel) | |
| (TX Bar No. 50511688) | |
| echine@bdavisfirm.com | |
| Debra Coleman (Of Counsel) | |
| (TX Bar No. 24059595) | |
| dcoleman@bdavisfirm.com | |
| Ty William Wilson | |

Stipulation Regarding Noninfringement    4

(TX Bar No. 24106583)
twilson@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document is being filed electronically on December 17, 2019 in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel, who are deemed to have consented to electronic service.  *See* Local Rule CV-5(a)(3)(V).

*/s/*William E. Davis, III
William E. Davis, III